4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUN 1 2010

Phil Lombardi, Clerk
U.S. DISTRICT COURT

LINDSEY KENT SPRINGER
VAUDA VIRGLE SHIPP JR.
            Plaintiffs

CASE NO.

**10 CV - 351 GKF    TLW**

V.

SERGEANT STRAIGHT (INDIVIDUALLY)
SERGEANT BLACK (INDIVIDUALLY)
D.O. MABE (INDIVIDUALLY)
D.O. POWELL (INDIVIDUALLY)
D.O. BAGBY (INDIVIDUALLY)
JOHN DOES ONE (1) THROUGH TEN (10)

# BIVENS COMPLAINT
## AND TITLE 42 § 1983 & § 1985

VAUDA VIRGLE SHIPP JR.
LINDSEY KENT SPRINGER

Drop Box __ Mail __ No Cert Svc __ No Orig Sign __ C/J __ C/MJ
__ C/Ret'd __ No Env __ No Cpys __ No Env/Cpys __ O/J __ O/MJ

(over)

1. Plaintiffs, brings their action against each defendant individually, and others unknown, [John Does], for intentionally violating Plaintiffs Eighth Amendment Rights prohibiting cruel and unusual punishment, as well as denying certain privileges to each Plaintiff due to the actions of unknown and unidentified persons.

## JURISDICTION - VENUE

2. This Honorable Court has Jurisdiction pursuant to Title 28 § 1331 and the 'BIVENS' decision of the Supreme Court of the United States of America 1971, Title 42 § 1983, and Venue under 28 § 1391.

## PARTIES

3. Plaintiffs are a group of inmates housed in the DAVID L. MOSS CORRECTIONAL FACILITY, [aka / Tulsa County Jail], (J-4), located at 300 N. Denver Ave, Tulsa, Oklahoma, 74103. Named Defendants are a selected group of employees at the jail. Namely; Sergeants Straight, Bleck, Reed, D.O's Powell, Bagbe D.O. Maze, and Ten other individuals acting under color of legal authority to which names are unknown to Plaintiffs as of the filing of this complaint.

## BACKGROUND

4.  Plaintiffs, each a various times, have been detained in the Federal Pod at J-4, for various alleged offenses against the United States. Some are being detained longer than 30 days for alleged emigration violations without being provided any counsel in violation of Due Process and the Fifth and Sixth Amendment for appointment of Counsel, while others are being detained awaiting trial (w/provided counsel) (some based solely on ATF Agent McFaddens False claims) and have either pled guilty to certain offenses against the laws of the United States and await sentencing; or have been sentenced and await either deportation or placement in the United States Bureau of Prisons. These detainees are being held for various violations of supervised Release after serving a Federal Prison sentence or violations of probation which was in leau of Prison.

5.  Plaintiffs are in Federal Custody of the U.S. Marsheels and not 'State' inmates of the Tulsa County jail. Plaintiffs are citizens of several states.

6.  It is well known to the public that the kitchen in the Tulsa County jail has been

Closed down several times by the Health Department for Health Code Violations in the past, and is now again closed down by the Tulsa County Inspector after sustaining several more dangerous health code violations such as black Mold et al.

7.  Even though Plaintiffs are in custody of the U.S. Marshals, they are to maintain basic human Rights wherever the Plaintiffs are housed.

8.  On information and beliefs the U.S. Marshals have contracted to pay the Tulsa County Jail to provide basic human Rights to Plaintiffs while Plaintiffs are housed in various Federal "Pods", including J-4 as Agents of the United States.

9.  Beginning on or about May 1, 2010, Plaintiffs ceased receiving Breakfast at 5:30 A.M. Plaintiffs ceased receiving lunch at 10:30 A.M., and Plaintiffs ceased receiving supper at 4:30 p.m., as was previously J-4 routine policy.

10.  Plaintiffs were Never told why policy and Routine stopped and only recently learned of why by speculation, after Reading an article in the Tulsa World about Black Mold in the Tulsa County Jail and Kitchen.

11.  Breakfast currently and for the last three (3) weeks is delivered in a crushed sack (with crushed contents), containing (sometimes and Not to all inmates), a single

hard boiled egg, (that is broken and/or smashed), and the tiniest orange or apple, and sometimes, no egg and no tiny apple or orange are given Plaintiffs. Sometimes the crushed sack contains a 2" inch square piece of some type of bread, (unrecognizable) and sometimes a packet of flavoring to drown the flavor of the moldy, smelly water. (Purportedly a jelly type Also.)

12. Delivery of Breakfast occurs by a "D.O." (recently D.O. Bagby and D.O. Powell) throwing the sack at each inmate while they are asleep between the hours of 5:00 and 6:00 a.m. every morning, sometimes with excessive force, after entering the cell of each inmate and striking them in the head with the crushed sack containing (so called) Breakfast.

13. Lunch is now served anywhere from 12:00 p.m. to 3:00 p.m. and most of the time consists of a less quantity of food then what a five (5) year old would need to quench his or her(s) basic hunger. (Less than 6 ounces).

14. Supper arrives between 5:00 p.m. and 9:00 p.m., and at times has been less then the lunch portion. The last two weeks has provided, barely, a sub sufficient quantity to carry some inmates over until lunch the next day, because breakfast, (other than the occasional tiny piece of fruit and usually still frozen at 5:00 a.m. -

kense a missle), sustains no grown man in J-4.

15. On numerous occasions since May 1, 2010, all J-4 Federal Inmates have been locked down for between twelve (12) and thirty six (36) hours, (and without due process), due to the isolated actions of a few inmates (distinction of security & discipline)

16. As anyone would expect where food is in short supply and mold is in the air, tempers boil quickly. For instance, Plaintiffs are rushed to eat in about five (5) to ten (10) minutes, then the "D.O." starts yelling "lockdown" beginning after ten (10) minutes. Plaintiffs are given a reason for the "D.O.'s" hurrying Plaintiffs, and that is that inmates "slow play" (definition and lockdown unclear) returning to their cells after irregular feeding times. Plaintiffs are locked down approximately five (5) to seven (7) times a day for unknown reasons. (It is the responsibility of the officer to secure inmates doors for security purposes, not the inmates themselves).

17. Recently, 'All' inmates were locked down for thirty six (36) hours straight, (without showers or recreational time), due to a fight between two inmates, to purportedly curb tensions of anyone else considering fighting, or 'slow playing'. (Slow play is not mentioned or defined in inmate handbook or in any State or Federal statutes or regulations anywhere).

18. After inmates complained of the foregoing to the U.S. Marshaels and MR. "GREGORY" (Transportation officer for the U.S. Marshals, a 'state' employee), they RECEIVED a visit from Sergeant Straight and MR. GREGORY, (There are three shifts of sergeants in a twenty four (24) hour period), who basically warned Plaintiffs that their complaint about the food was inappropriate because although breakfast is not what it once was, it contained all the Nutrition each inmate NEEDED. (No Nutritional facts have been given Plaintiffs although REQUESTED several times). This was knowingly false about the Nutritional facts being sufficient.

19. As to Lunch and Supper, Plaintiffs were informed that they (staff) were trying to fix the shortage of food and irregularity of entry problem and that the situation was "being handled." At this time it has not been handled, and has become unreasonably worse. (The staff has also switched food trays to smaller food trays making the food portions even smaller but appear larger.

20. Plaintiffs were also informed by said Sergeant Straight that if Plaintiffs and/or inmates were not satisfied with the quantity of food they were free to buy food from the commissary, (outside vendor), through the Kiosk. (Tulsa County Sheriffs department and the Kitchen sells food through

the Tulsa County Sheriffs office called "Fresh Favorites" where inmates can buy food if they have money to pay for the extra food from the kitchen.).

21. Several inmates in J-4 are on dietary trays because of health reasons or diabeties, and upon these inmates complaining that nothing available or the Kiosk was good for them, Sergeant Straight told them to ask Medical for specific food by Request and that staff would "see what they could do". At present, very little has changed with the quantity or quality of food available through the kitchen or through the Kiosk.

22. Plaintiffs are given certain food that causes diarrea, heartburn and stomach problems, and are only allowed one (1) role of toilet paper every seven (7) days.

23. Although Plaintiffs conditions are somewhat better than 'slaves' given prior to the civil war of 1861 the conditions today at the Tulsa County Jail fall well short of humane treatment. Plaintiffs contend that the Tulsa County Sheriffs Department, (Jail) are being paid by the United States and Federal Funding to provide housing, care, and all other basic Needs to the Tulsa Jails Federal population and each Plaintiff, and the Tulsa County Jail (David L. Moss Correctional Inst.) is in breach of that Federal Contract.

24. Many Plaintiffs and/or inmates do not have any money to spend on food or medical

supplies i.e. Medication, and have been
detained and/or locked down for long periods of
time sufficient to recognize the change beginning
on or about May 1, 2010 to the overall conditions
and treatment at the said jail. Plaintiffs
were told by Sergeant Straight on 5/17/10 they were
being treated like all other Tulsa County inmates
and deserved No special treatment. Plaintiffs
contend a request for humane treatment is not
a request for special treatment.

25   While some inmates are locked down in
solitary confinement (other pods) and allowed one
(1) hour a day of exercise and "recreation"
outside their cells, the other Ninety (90) plus
inmates who were alleged to have done nothing
wrong are locked down (without a hearing,
disiplinary commity or due process) for up to
48 hours without one (1) hour of recreation,
even during the lockdown period.

26.   Plaintiffs and inmates, during a "town
Hall Meeting" were told by Sergeant Straight
that the staff were required to give each inmate
one (1) hour of recreation to each state
inmate under state law, every day. Although
Plaintiffs are Not incarcerated for violating
any state of Oklahoma laws, Plaintiffs are
None the less deprived of the one (1) hour
Recreation when two inmates fight or every-

one is locked down for a few inmates "slow playing."
This Result is absurd in staff calculations in that
the inmates who caused the "lockdown" and went
to Segregation Housing Unit, (called the SHU), are
given one (1) hour of Recreation per day while
in isolation, and Plaintiffs, for obeying all Rules
of J-4 are given Super isolation in their own
cell without any one (1) hour Recreation during
those 24 to 72 hours lock downs directed by
Sergeant Straight and State of Oklahoma staff.

24. On May 22, 2010, 8:30 a.m., Plaintiffs
were informed they were under lock down from
May 21, 2010 until Sunday Morning May 23, 2010
at 10:30 a.m. The Reason given by D.O. Mabe,
Staff on duty to Plaintiffs, was that a few
inmates "slow played lock down" the night of
May 21, 2010, by not having each inmate lock
down until 11:50 p.m. (Lockdown on Fridays
is 11:30 p.m.). The Rule of J-4 is that on Friday
Night Plaintiffs and/or inmates are allowed
to Remain outside their cells until they are
told to lock down which usually occurs at 11:30
p.m. Plaintiffs are allowed to Remain outside
their cell until 2:00 O'clock a.m. on Movie Night,
which is any given Saturday Night. At no time
on Friday May 21, 2010, did the D.O. on duty, or
any staff Member announce "lockdown" to the
J-4 inmates until 11:50 p.m. Doors are always
unilaterally locked as per State Jail Rules,

so no inmate could enter their cell to lock down until the D.O. unlocked everyones cell doors.

28.  Plaintiffs are customarily locked down at night around 10:30 p.m., 11:30 pm, and 2:00 a.m. and it usually takes around ten (10) to fifteen (15) minutes to lockdown, depending on how soon the cell doors are unlocked. During a recent tornado on May 20, 2010 Plaintiffs were locked down from 6:30 p.m. until 10:30 a.m. May 21, 2010 because the D.O. alleged certain inmates, (but did not identify who), so called "slow played" lockdown, when in actuality everyone was waiting for their cells to be unlocked. Inmates are Not specified an amount of time to lockdown in any Rules whatsoever. Staff an D.O.'s are mistaking inmates from trusties who do not have to lockdown, and are allowed to be at large in the pod whenever all other inmates are locked down.

29.  The conditions of being locked down in Federal Pod J-4, (being governed by State of Oklahoma employees and Not Federal staff), has grown continuously worse and unacceptable. Plaintiffs are Not allowed access to the Courts, access to calling attorneys, showers, hygeine, and other necessities allowed other inmates in Segragaded housing. Plaintiffs are locked down without procedural reasons or due process, or without legitimate warranted reasons in violation of

Upon discussing the lockdown situations with Sergeant Black on May 23, 2010 and the inmate Handbook about procedural sanctioning and appealing the D.O.'s decision. Sergeant Black informed Plaintiffs that the Inmate Hand is not used any more (outdated), and staff does not use the Handbook or procedures outlined in it. She informed Plaintiffs that Staff decisions are deemed final with no Appeal Rights. (See V. Conduct and discipline Pg. 16 Inmate (State) Handbook.)

## SUMMARY

30.  The actions of Defendants has caused and is causing Plaintiffs to sustain cruel and unusual punishment by the following to wit;

(a).  Black Mold on the units (laundry Rooms et al) and in the air ducts (system), causing inmates and Plaintiffs Runny Noses, flu symptoms, diarrea, sickness and extreme pain with no help from Medical Staff.

(b).  Irregular feeding of meals in insufficient quantities and quality.

(c).  Food delivery in the Morning is delivered in a Brown paper sack and served by

8) No hearing given before punishment assessed, no appeal provided, No due process of law, (State or Federal), and No Rules or Regulations are clearly provided Regarding Punishment delt to Plaintiffs.

## COUNT I

Paragraphs One (1) through thirty (30), are realleged and incorporated herein as if set forth word for word.

Defendants, staff of the State of Oklahoma, agent(s), actor(s), employee(s), and successor(s), violated Plaintiffs Constitutional Rights under the Fifth, Sixth, and Eighth Amendments, punishing Plaintiffs for acting according to the published/supplied Rules of J-4, provided Plaintiffs No Representation, No hearing, and sentencing Plaintiffs to Isolation without Recreation, Showers, personal hygeine, for No Reason given, allegedly caused by Plaintiffs, penalizing Plaintiffs with Cruel and unusual Punishment.

By forcing Plaintiffs to breath air contaminated with black mold, providing insufficient quality and quantity of food, depriving Plaintiffs sufficient amounts of toilet paper and depriving Plaintiffs of Recreation per day as law provides,

all in violation of title 28 § 1331 and the Bivens Remedy.

## COUNT II

Alleging same issues stated as in Count I Violation of Title 42 § 1983.

## COUNT III

Paragraph one (1) through thirty (30) and incorporated herein as set forth word for word.

Defendant(s), agent(s), actor(s), employee(s), and successor(s), each of them, have used their position of authority to intimidate Plaintiffs into silence in regard to Plaintiffs Numerous complaints Regarding food, Black mold, toilet Paper, "slow play", and Lockdowns, (causing Plaintiffs Non access to court and attorneys at key times) all in an effort to hide from the Public the impact of closing the kitchen down for black mold, and its having the basic rights of each Federal Plaintiff in J-4, all in violation of title 28 § 1331 and the Bivens Remedy.

## COUNT IV

Reallege same word for word as Count III but in violation of 42 § 1983.

## COUNT V
### (Breach of Contract)

Paragraph one (1) through thirty (30) is Realleged and incorporated by reference as alleged herein word for word.

Defendants contracted with the United States and Plaintiffs to house and provide all basic needs of each Plaintiff in exchange for a sum certain total paid per day to Defendants by the United States of America and Plaintiffs.

Defendants are not providing what they have contracted to provide and have been paid to provide to Plaintiffs, by Plaintiffs and the United States of America. Under Oklahoma law Defendants have breached their contract with Plaintiffs and the United States of America.

## COUNT VI

Paragraph one (1) through thirty (30) are Realleged and incorporated as set forth word for word.

Defendants, each of the employee(s), actor(s), agent(s), successor(s) of the State of Oklahoma and the David L. Moss Correctional Institution and the Tulsa County Sheriffs office et al, have denied Plaintiffs access by phone, Kiosk, meeting room, or otherwise, and other related issues involving access to the court or court related functions, including preparing defenses and other types of pleading and/or documents (attorney(s) in violation of title 42 § 1985 and § 1986 et al.

## CONCLUSION

Wherefore, premises considered, Plaintiffs seek damages in excess of Seventy Five thousand dollars, ($75,000.00) from each Defendant for each Plaintiff, and in the amount of One Million dollars, ($1,000,000.00) per each Plaintiff Named herein.

Respectfully submitted,

Vauda Viegle Shipp Jr.

Vauda Viegle Shipp Jr.
% 09724-062
300 North Denver Ave.
Tulsa, Ok. 74103

Lindsey Kent Springer
5147 S. Harvard #116
Tulsa, Okla 74135

## Certificate of Servise

I hereby certify that an exact copy of the foregoing "BIVENS AND OTHER COMPLAINT" was mailed through the United States Mail courier at the David L. Moss Correctional Center to Philip B. Lombardi, United States District Court Clerk, 333 W. 4th St. Suite 411, Tulsa Ok. 74103 on May 26, 2010, with sufficient postage paid.

Vaughn Vingle Shipp Jr.
Vaughn Vingle Shipp Jr.

5/26/10
Lindsey Kent Springer